**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 24 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| XIAOXING WANG,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 14-72942<br><br>Agency No. A205-559-932<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 16, 2016[**]

Before:   O'SCANNLAIN, LEAVY, and CLIFTON, Circuit Judges.

Xiaoxing Wang, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum and

withholding of removal.   We have jurisdiction under 8 U.S.C. § 1252.   We

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.   See Fed. R. App. P. 34(a)(2).

review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014), and review de novo due process claims, *Zetino v. Holder*, 622 F.3d 1007, 1011 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on Wang's changing and inconsistent statements as to the manner and number of contacts he had with the family planning director regarding his wife prior to Wang's arrest, and based on the IJ's observations as to his demeanor. *See Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010) (the agency's adverse credibility determination was reasonable under the "totality of circumstances"); *see also Singh-Kaur v. INS*, 183 F.3d 1147, 1151 (9th Cir. 1999) (substantial evidence supported adverse credibility determination based in part on IJ's observations about petitioner's demeanor on cross-examination). We reject Wang's contention that the agency ignored his explanation as to his contacts with the family planning director. Further, the record does not support Wang's contentions that the agency failed to consider his corroborative evidence. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000) (requiring error to prevail on a due process claim); *see also Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014) (petitioner's documentary evidence was insufficient to rehabilitate credibility or independently support

claim).   In the absence of credible testimony in this case, Wang's asylum and withholding of removal claims fail.   *See Jiang*, 754 F.3d at 740.

**PETITION FOR REVIEW DENIED.**